IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:00CR00281 |
| | ) | |
| v. | ) | |
| | ) | |
| DONALD LUPINO, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

    Donald Lupino stands convicted in this court of serious assault charges. After he did his time in prison (92 months), he was released on supervised release. He appeared before me on Friday, June 20, 2008, to answer to allegations that he violated his conditions of supervised release. Because of his mental condition (described below), I did not require Lupino to admit or deny the allegations that he violated his conditions of supervised release.

    The government alleges that Lupino has been charged by the State of Nebraska with the misdemeanor crime of shoplifting on September 23, 2007. The government also alleges that Lupino was acting strangely when he was arrested for this crime, telling the police officers that if they did not arrest him, he would return and steal again. More seriously, the government claims that the State of Nebraska has charged Lupino with attempted theft on October 4, 2007. This a class III felony under state law. If Lupino committed either of these crimes, then he violated his conditions of supervised release.

    Lupino has been in the custody of the State of Nebraska until I ordered that he be presented to me. This matter had been delayed while we waited to see what happened in state court. Unfortunately, the underlying felony case has not been resolved, but instead has languished. There is apparently no prospect of resolution any time soon. As a result, I will not wait any longer to begin to address the alleged violations of federal supervised release.

Mr. Lupino has an extensive criminal history including second degree murder. His criminal history score is VI. While in prison, Mr. Lupino received attention because of mental health concerns. Mr. Lupino also has a long history of alcohol and drug abuse.

When he appeared before me, Lupino did not look good. He reported hearing voices now and in the past. He also described racing thoughts. At the time I spoke with him, his speech was slow and he had a flat affect. It is not clear what, if any, medications Lupino has been taking. There is also some suggestion that Mr. Lupino threatened suicide at or about the time of the commission of the alleged crimes and, perhaps, more recently.

I need to know whether Lupino is presently competent. I also need to know the defendant's mental status at the time he allegedly violated his conditions of supervised release. In particular, I need to know whether he was sane when he allegedly committed the crimes that form the basis for the supervised release violations. With the foregoing in mind, I will order a psychiatric and psychological examination of the defendant pursuant to 18 U.S.C. § 3552(c), 18 U.S.C. § 4244(b) and such other laws as may be applicable. As a result, this supervised released matter will be continued to await the results of the examination.

Accordingly,

IT IS ORDERED that:

1.  The defendant is remanded to the custody of the U.S. Marshal. The defendant shall not be returned to the custody of the state authorities until I order otherwise.

2.  The United States Bureau of Prisons shall designate a medical center for federal prisoners at which the defendant shall be examined pursuant to this order. Upon such designation, the defendant (who is, and who shall remain, in federal custody) shall be transported to the place designated by the Bureau of Prisons by the U.S. Marshal. The defendant shall remain at the medical center until released to the U.S. Marshal for return to Nebraska.

3.   Pursuant to 18 U.S.C. § 3552(c) and 18 U.S.C. § 4244(b) and other applicable laws, the Bureau of Prison shall evaluate the defendant and determine: (a) the defendant's present mental condition; (b) the defendant's mental status at the time he allegedly violated his conditions of supervised release–in particular, I need to know whether he was sane when he allegedly committed the crimes that form the basis for the supervised release violations; (c) what treatment considerations should be addressed at sentencing to reduce the likelihood that the defendant will violate his conditions of release in the future.  The Bureau of Prisons shall provide me with a written report in accordance with 18 U.S.C. § 4247(c)(1)-(3) &(4)(E) and the terms of this order.  The evaluation shall be submitted to the court and counsel within 60 days of the defendant being delivered to the medical center.

4.   The defendant's counsel shall promptly gather and provide the probation officer with such pertinent information as may be accessible to counsel.

5.   The Assistant United States Attorney handling this case shall promptly gather and provide the probation officer with such pertinent information as may be accessible to counsel.

6.   The probation officer assigned to this case (Sandra Foster) is requested to facilitate the implementation of this order and coordinate this case with the Bureau of Prisons.  In particular, the probation officer shall obtain and transmit to the Bureau of Prisons copies of the presentence report, the police reports associated with violations of supervised release and any other information that may aid the Bureau of Prisons in its assessment.  <u>The probation officer is directed to expend every reasonable effort to gather this information and provide it to the Bureau of Prisons as soon as possible.</u>

7.   My chambers will insure that a copy of this memorandum and order is promptly provided to Ms. Foster and the United States Marshals Service.

June 23, 2008.                    BY THE COURT:
                                  *s/Richard G. Kopf*
                                  United States District Judge